UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHRISTOPHER E. BROWN,            :
an individual,                              :   CASE NO.:1:08-cv-04714
                                                  :   District Judge Johnson
       Plaintiff,                            :   Magistrate Judge Orenstein
                                                  :
vs.                                               :
                                                  :
NYRA, Inc.,                                 :
                                                  :
d/b/a THE NEW YORK RACING    :
ASSOCIATION, INC.,                    :
a New York Corporation,              :
                                                  :
       Defendant                           :
-----------------------------------------------------------------x

## FIRST AMENDED COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this First Amended Complaint and sues NYRA, INC., d/b/a THE NEW YORK RACING ASSOCIATION, INC., a New York corporation, ( hereinafter referred to as "NYRA") for injunctive relief, damages, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law § 40 et. seq, and New York Executive Law § 296(2)(a)  and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief as well as damages pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"), N.Y. Civ. Rights Law § 40 et. seq, and N.Y. Exec. Law § 296(2)(a).  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip, and manipulate objects.

5. Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. The Defendant, NYRA, INC., is a New York corporation registered to do business in the State of New York. Upon information and belief, NYRA is the owner, lessee, and/or operator of the real property and improvements which is the subject of this action, to wit: "Aqueduct" or the "Racetrack," located at 110-00 Rockaway Blvd., Jamaica, NY 11417.

7. All events giving rise to this lawsuit occurred in the Eastern District of New York, in the County of Queens.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Racetrack is a public accommodation, subject to the ADA, located at 110-00 Rockaway Blvd., Jamaica, NY 11417 in the County of Queens.

10. Between December 2005 and the present, MR. BROWN has visited the Racetrack, 110-00 Rockaway Blvd., Jamaica, NY 11417, numerous times.

11. During these visits, MR. BROWN experienced serious difficulty accessing the goods and

utilizing the services therein due to the architectural barriers discussed herein in paragraph 14 of this Complaint.

12. MR. BROWN continues to desire to visit the Racetrack, but continues to experience serious difficulty due to the barriers discussed in paragraph 14 which continue to exist.

13. MR. BROWN has definite plans to and intends to visit the Racetrack on opening day of the upcoming racing season.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and are discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia,* the following violations:

    A. The parking area is inaccessible because the handicapped parking spaces lack proper access aisles;

    B. The parking area is inaccessible because the handicapped parking spaces lack proper signage designating them as accessible spaces only;

    C. The handicapped parking area of the parking lot lacks adequate accessible routes to the entrance of the property;

    D. The route from the bus stop on the Property to the main entry is inaccessible because it contains excessive slopes and cross-slopes which render the path unsafe for the disabled;

    E. The curb ramps in the parking area/bus route are not accessible due to inadequate narrow width, steep slopes and their being in a general state of disrepair;

    F. The elevator on the Property is inaccessible due to high call buttons on each

floor;

G. The elevator on the Property is inaccessible due to high elevator car controls inside the elevator;

H. The restrooms on the Property are inaccessible due to toilets and urinals which are installed at improper heights rendering them unsafe for disabled use;

I. The restrooms on the Property are inaccessible due to the failure to provide rear grab bars in the designated accessible stalls;

J. The restrooms on the Property are inaccessible due to failure to provide adequate knee clearance under the sinks making it unsafe for use by a person in a wheelchair;

K. The restrooms on the Property are inaccessible due to the failure to provide pipe insulation under the sinks making it unsafe for use by a person in a wheelchair;

L. The restrooms on the Property are inaccessible due to amenities, mirrors and dispensers which are placed at an excessive height and are out of range of a person in a wheelchair;

M. The concession stands on the Property are inaccessible due to payment counters which are provided at an excessive height;

N. The bars provided on the Property are inaccessible due to payment counters and bar counters which are provided at an excessive height;

O. The stores/shops on the property contain payment counters with excessive

heights;

P. Betting windows are inaccessible because there are an inadequate number of lowered counters to provide proper access for people in wheelchairs;

Q. The outdoor horse viewing area/public paddock is inaccessible due to the failure to provide an accessible route;

R. The track side seating area is inaccessible due to the failure to provide an accessible route;

S. The route to the outdoor public paddock area lacks proper railing, contains excessive slopes and cross slopes, and fails to provide a level landing at the top and bottom of the ramps;

T. The route leading to the outdoor track side seating area is inaccessible because it lacks proper railing, contains excessive slopes and cross slopes, and fails to provide a level landing at the top and bottom of said ramps;

U. There are an inadequate number of seats designated as accessible on the Property;

V. There are water fountains throughout the Property which are inaccessible due to excessive heights and inadequate knee clearance.

15. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

18. Removal of the barriers to access located on the property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

19. Removal of the barriers to access located on the property would allow Plaintiff to fully utilize the goods and services located therein.

20. Independent of his intent to return as a patron to the stores located on the Property, Plaintiff additionally intends to return to the property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, the Plaintiff demands judgment against NYRA, INC., and requests the following injunctive and declaratory relief:

 A. That the Court declares that the property owned and operated by NYRA, INC. is in violation of the ADA;

      B.      That the Court enter an Order directing NYRA, INC. to alter the facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

      C.      That the Court enter an Order directing NYRA, INC. to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow to undertake and complete corrective procedures.

      D.      That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

      E.      That the Court award such other and further relief as it deems necessary, just and proper.

### COUNT II-VIOLATION OF NEW YORK CIVIL RIGHTS LAWS

22. Plaintiff realleges and reavers Paragraphs 1 - 21 as if they were expressly restated herein.

23. New York State law prohibits "any person ... because of the race, creed, color, national origin, sexual orientation, military status, sex, or **disability** or marital status of any person, directly or indirectly... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof ..." N.Y. Exec. Law § 296(2)(a). *(Emphasis added).*

24. Pursuant to N.Y. Exec. Law § 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages..."

25. Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its Property as discussed in allegation 14 of this Complaint, Plaintiff suffered emotional distress, humiliation and mental anguish.

26. A place of public accommodation "shall de deemed to include...race courses" N.Y. Civ. Rights Law § 40; *see also* N.Y. Exec. Law § 292(9).

27. New York law mandates, "[a]ll persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation..." N.Y. Civ. Rights Law § 40.

28. Defendant's Property is a place of public accommodation as defined in § 40.

29. N.Y. Civ. Rights Law § 40-c states, "No person shall, because of race, creed, color, national origin, sex, marital status, sexual orientation or **disability**...be subjected to any discrimination in his or her civil rights..."*(Emphasis added).*

30. N.Y. Civ. Rights Law § 40-d states, "Any person who shall violate any of the provisions of the foregoing section,... or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside. In addition, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a class A misdemeanor."

31. Plaintiff, MR. BROWN visited Defendant's Property and encountered the discriminatory barriers discussed in allegation 14 of this Complaint and seeks minimum statutory damages under § 40-d.

32. Further, Mr. Brown, through his attorneys has served notice upon the attorney general of New York as required by the statute.

33. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, MR. BROWN, because of his disability, the full and equal enjoyment of its Property.

34. Plaintiff, MR. BROWN, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

WHEREFORE, the Plaintiff respectfully requests that this Court award statutory damages pursuant to N.Y. Civ. Rights Law § 40-d, compensatory damages pursuant to N.Y. Exec. Law § 297(9), and award Plaintiff's attorney's fees, costs, and expenses incurred in prosecuting this action.

        Respectfully Submitted,
        KU & MUSSMAN, P.A.
        Attorneys for Plaintiff
        11098 Biscayne Blvd., Suite 301
        Miami, FL 33161
        Tel: (305) 891-1322
        Fax: (305) 891-4512

        By:   /s/ J. Justin Griffin
            KU & MUSSMAN, P.A.
            Attorney for Plaintiff
            J. Justin Griffin, Esq.
            Of Counsel
            176 Route 304, 2nd Floor
            Bardonia, NY 10954
            Tel: (845) 623-8071
            Fax: (845) 623-8072
            jjg10@hotmail.com
            Bar ID No.: JG4808

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of June, 2009, a true and correct copy of the foregoing via the electronic filing system to: Robert Connolly Esq., Bee Ready Fishbein Hatter & Donovan, LLP, 90 Merrick Avenue, East Meadow, New York 11554.

By:   J. Justin Griffin
        J. Justin Griffin, Esq.