UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHRISTOPHER E. BROWN,

                Plaintiff,            **MEMORANDUM
                                                              AND ORDER**

    - against -

                                                                 08-CV-4714 (SJ) (JO)

NYRA, INC.,

                Defendant.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       Louis Mussman ("Mussman") is an attorney who is admitted to practice in the State of Florida and who has applied to be admitted *pro hac vice* on behalf of the plaintiff in the instant case pursuant to Local Civil Rule 1.3(c). Docket Entry ("DE") 27. He is not admitted to practice before this court. For the reasons set forth below, I deny the motion without prejudice to renewal upon a showing that such admission is appropriate under the circumstances.

       Mussman practices law in Florida, where he is a member of the firm Ku & Mussman, P.A. Mussman has been admitted *pro hac vice* in at least three cases in this district since July 2008. *See Brown v. Street Retail, Inc.*, docket no. 07-cv-3486 (JFB) ("*Brown I*"), order dated July 29, 2008; *Brown v. Nassau County et al.*, docket no. 07-cv-4811(JFB) ("*Brown II*"), order dated Jan. 12, 2010; *Brown v. St. John's Univ.*, 08-cv-2218 (ARR) ("*Brown III*"), order dated Mar. 18, 2009. In each of those prior cases, as in the instant case, Mussman represented plaintiff Christopher E. Brown, who accused institutional defendants of violating the Americans with Disabilities Act by failing to make their physical facilities reasonably accessible to him and to others with disabilities. *See Brown I*, DE 1 (Complaint), ¶¶ 8-17; *Brown II*, DE 1 (Complaint), ¶¶ 10-24; *Brown III*, DE 1 (Complaint), ¶¶ 15-23. It thus appears that Mussman regularly engages in the practice of law in this district. Yet by routinely gaining admission *pro hac vice*

rather than taking the steps necessary to join the bar of this court, Mussman remains immune to much of the disciplinary oversight to which his colleagues are subjected. *See* Loc. Civ. R. 1.5(b)-(c).

This court routinely grants attorneys who practice elsewhere the courtesy of representing clients who find themselves involved in litigation in this court. But "[a]dmission *pro hac vice* is by definition, at most, admission for a single proceeding." *In re Rappaport*, 558 F.2d 87, 88 n.1 (2d Cir. 1977). It is a privilege rather than a right, *see Leis v. Flynt*, 439 U.S. 438, 441-42 (1979), and one that should not be abused. If Mussman intends to continue representing plaintiff Brown or other clients in this court, he can and should secure the admission to our bar. If, on the other hand, Mussman can demonstrate that his many applications for admission *pro hac vice* represent an aberration in his normal practice, and that he does not anticipate making future similar applications on a routine basis, then I will of course grant him the same courtesy that is routinely afforded to out-of-state counsel in their occasional visits to this district.[1]

**SO ORDERED.**

Dated: Brooklyn, New York
May 17, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[1] I note that, should Mussman submit a renewed motion, it must conform to this court's local rules, which require that an application for admission *pro hac vice* include a certificate from the state court of each state in which the applicant is a member of the bar confirming that the applicant is a member in good standing of the state court's bar. *See* Loc. Civ. R. 1.3(c). The instant motion includes a certificate from the federal court, not the state court. *See* DE 27.